UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 28, 2022

LETTER TO COUNSEL:

    RE:   *Carolyn L. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-20-3686

Dear Counsel:

    On December 18, 2020, Plaintiff Carolyn L. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 19. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Carolyn L. protectively filed her application for DIB on June 23, 2018, alleging a disability onset date of June 15, 2018. Tr. 10. Her application was denied initially and upon reconsideration. *Id.* Carolyn L. requested an administrative hearing, and a telephonic hearing was held on May 7, 2020, before an Administrative Law Judge ("ALJ"). Tr. 32-58. In a written decision dated June 8, 2020, the ALJ found that Carolyn L. was not disabled under the Social Security Act. Tr. 7-28. The Appeals Council denied Carolyn L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

    The ALJ evaluated Carolyn L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Carolyn L. had not engaged in substantial gainful activity since June 15, 2018, the alleged onset date. Tr. 12. At step two, the ALJ found that Carolyn L. suffered from the following severe impairments: degenerative disc disease, obstructive sleep apnea, osteoarthritis/degenerative joint disease, Sjogren's syndrome, and axonal sensory peripheral neuropathy. Tr. 12-15. At step three, the ALJ found that Carolyn L.'s impairments, separately and in combination, failed to meet or equal in severity any

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 15-17. The ALJ determined that Carolyn L. retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except that she can occasionally stoop, kneel, crouch, crawl, and climb stairs and ladders." Tr. 17.

At step four, relying on testimony provided by a vocational expert ("VE"), the ALJ determined that Carolyn L. could perform past relevant work as a front desk specialist and an appointment clerk. Tr. 23. Accordingly, the ALJ found that Carolyn L. was not disabled under the Social Security Act. Tr. 23-24.

Carolyn L. argues that this case must be remanded for further proceedings because (1) the ALJ did not properly evaluate her mental impairments; (2) the ALJ did not perform a function-by-function assessment of her work-related abilities; and (3) the ALJ did not properly evaluate her subjective complaints. ECF No. 14-1 at 3-18. For the reasons discussed below, however, these arguments are without merit.

First, Carolyn L. contends that the ALJ did not evaluate properly her mental impairments under the "special technique" outlined in 20 C.F.R. § 404.1520a. ECF No. 14-1 at 3-8. When ALJs evaluate the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. §§ 404.1520a, 416.920a; *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do."). "The special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a *mental* impairment." *Patterson*, 846 F.3d at 659; *see Willis L. v. Kijakazi*, Civil No. TJS-21-102, 2022 WL 669369, at *2 (D. Md. Mar. 7, 2022) (outlining technique found in §§ 404.1520a and 416.920a). The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Carolyn L.'s medically determinably mental impairments of post-traumatic stress disorder, depression, and anxiety were not severe impairments because they did not cause more than minimal limitation in her ability to perform basic mental work activities. Tr. 13, 15. The ALJ found that, under the "paragraph B" criteria, Carolyn L. had mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself (Tr. 13, 15). *See* 20 C.F.R. § 404.1520a. The ALJ then reviewed the evidence of record, noting Carolyn's examinations, conservative mental health treatment, and the opinions of the state agency psychological consultants. Tr. 13-15.

An ALJ's "evaluation of a plaintiff's mental impairment warrants remand when the ALJ's decision does not explain how they weighed all relevant evidence, fails to rate the plaintiff's four areas of functional limitation, and lacks an explanation of how the ALJ reached their conclusions about the severity of the mental impairment." *Edward J. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-20-0745, 2021 WL 1224098, at *6 (D. Md. Apr. 1, 2021) (citing *Patterson*, 846 F.3d at 662-63). "Here, the ALJ's decision contains all three of these criteria." *Id.* In any event, any error by the ALJ in applying the special technique in this case is harmless. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-20-3572, 2022 WL 684944, at *3 (D. Md. Mar. 8, 2022)

(Gallagher, J.) (concluding that, in determining that claimant did not have a severe mental impairment, ALJ's failure to complete special technique was harmless error because, *inter alia*, state agency psychologist found that claimant had non-severe mental impairments, with mild to no limitations in the four functional areas). The state agency psychological consultants determined that Carolyn L.'s anxiety and depressive disorders were nonsevere and noted that she would have only mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. Tr. 66, 82-83. The ALJ found "these opinions persuasive as they are consistent with and supported by the longitudinal medical evidence of record and with [Carolyn L.'s] reported activity level as discussed in this decision." Tr. 15. Thus, any failure by the ALJ to complete the special technique amounts to harmless error. *See Josiah T.*, 2022 WL 684944, at *3.

Second, Carolyn L. argues that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 14-1 at 10-13. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). Meaningful review is frustrated (and remand necessary) only when the Court is unable to fathom the rationale in relation to evidence in the record. *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021).

The ALJ's decision contains a detailed discussion of the evidence of record, including Carolyn L.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, and medical opinions. Tr. 13-23. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 22-23. Contrary to Carolyn L.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how he weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Carolyn L.'s argument on this point is without merit.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling (Tr. 12), the ALJ determined the work activities that Carolyn L. can perform on a full-time basis. "[B]y restricting [Carolyn L.] to light work, the ALJ necessarily accounted for [Carolyn L.'s] problems

with standing and walking." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *3 (D. Md. Feb. 8, 2021). Substantial evidence thus supports the ALJ's RFC determination.

Last, Carolyn L. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 14-1 at 13-18. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Carolyn L.'s subjective complaints. The ALJ first found that Carolyn L.'s medically determinable impairments could reasonably be expected to cause some of her alleged symptoms. Tr. 18. The ALJ then proceeded to consider Carolyn L.'s allegations in concert with the other evidence in the record, including Carolyn L.'s statements about her symptoms over time, the extent of her daily activities, the opinion evidence, and the objective evidence in the record. Tr. 13-23. In considering the totality of the evidence, the ALJ explained his finding that Carolyn L.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Carolyn L.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Carolyn L.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). And Carolyn L. "cannot rely exclusively on subjective evidence to prove that her mental impairments prevent her from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Carolyn L.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P.*, 2021 WL 424469, at *2 (citation omitted). "Because the ALJ did not rely

exclusively on objective evidence in assessing the severity of [Carolyn L.'s] symptoms, this argument is without merit." *Id.* The Court is satisfied that the ALJ built an accurate and logical bridge from the evidence to his conclusion that Carolyn L.'s testimony was not fully credible. *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).

Carolyn L. also argues that the ALJ erroneously relied on her daily living activities in evaluating her subjective complaints. ECF No. 14-1 at 17-18. "If the ALJ had rejected [Carolyn L.'s] subjective complaints merely because of [her] activities of daily living, this case would be subject to remand." *Jai P.*, 2021 WL 424469, at *3 (citing *Arakas*, 983 F.3d at 101). "But a review of the ALJ's decision makes clear that the ALJ considered [Carolyn L.'s] activities of daily living as just one factor relevant to the evaluation of [her] subjective complaints." *Id.* Carolyn L.'s argument on this point is unavailing as well.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Carolyn L.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 19) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge